UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**DEONSEY LONTE JOHNSON**

    **Plaintiff,**

v.     Case No. 5:22-cv-229-TKW/MJF

**MTC/GRACEVILLE CORRECTIONAL
FACILITY, et al.,**

    **Defendants.**
_____/

## ORDER

This case is before the Court based on the magistrate judge's Report and Recommendation (Doc. 6) and Plaintiff's objections (Doc. 12). The Court reviewed the issues raised in the objections de novo as require by 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(3), and based on that review, the Court agrees with the magistrate judge's determination that this case should be dismissed without prejudice under 28 U.S.C. §§1915A(b)(1) and 1915(e)(2)(B)(i) based on Plaintiff's failure to disclose his litigation history.

The Court did not overlook Plaintiff's argument that his failure to disclose his litigation history on the civil rights complaint form was "inadvertent" and was "merely … a scrivener's error" because he disclosed the case omitted from the form (N.D. Fla. Case No. 4:18cv282) in the in forma pauperis (IFP) documents that he

mailed to the Court in the same envelope as the complaint. The Court rejects this argument for two reasons: first, the Court sees nothing in the IFP documents (Doc. 2) that mentions the omitted case; and second, the civil rights complaint form required Plaintiff to disclose his litigation history on the form and the Court should not have to comb through Plaintiff's other filings to try to find references to prior cases that should have been disclosed on the form.

The Court also did not overlook Plaintiff's argument that he did not "maliciously" fail to disclose the prior case on the complaint form because he thought he was only required to disclose cases that were dismissed and counted as a "strike." However, it was unreasonable for Plaintiff to think that because, as he acknowledges in his objections (Doc. 12 at 3), the litigation history questions on the form "are not ambiguous," and although Question VII.A. asks about prior cases that counted as a "strike," Question VII.C specifically asks about "<u>any other lawsuit</u> in federal court … relating to the conditions of … confinement" (emphasis added).

Accordingly, it is **ORDERED** that:

1. The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this Order.

2. This case is DISMISSED without prejudice under 28 U.S.C. §§1915A(b)(1) and 1915(e)(2)(B)(i) for maliciousness and abuse of the judicial process.

3. The Clerk shall close the case file.

**DONE and ORDERED** this 2nd day of December, 2022.

_____
**T. KENT WETHERELL, II
UNITED STATES DISTRICT JUDGE**